UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDALL MCCOY,

    Petitioner,

-vs-                                              Case No. 8:18-cv-1098-CEH-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner, a Florida prisoner, initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Respondent filed a response in opposition to the petition (Doc. 6), to which Petitioner replied (Doc. 12). Upon consideration, the petition will be denied.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was convicted of burglary of a dwelling and grand theft and sentenced to concurrent terms of 5 years in prison (Doc. 9-2, Ex. 1). The convictions and sentences were affirmed on appeal (Doc. 9-2, Ex. 5).

Petitioner filed a post-conviction motion under Rule 3.850, Florida Rules of Criminal Procedure, in which he alleged a claim of ineffective assistance of trial counsel, and a claim that the trial court lacked jurisdiction over his criminal case (Doc. 9-3, Ex. 7, docket pp. 29-35). The state post-conviction court denied the claim

1

alleging a lack of jurisdiction and directed the State to respond to the ineffective assistance claim (*Id.*, docket p. 36). After the State responded (*Id.*, docket pp. 37-66), the ineffective assistance claim was denied (*Id.*, docket pp. 68-100).

On appeal, Petitioner challenged only the denial of his claim of ineffective assistance; he did not argue that the trial court lacked jurisdiction (Doc. 9-3, Ex. 11). The denial of the Rule 3.850 motion was affirmed (Doc. 9-3, Ex. 12).

Petitioner filed his federal habeas petition in this Court (Doc. 1) in which he alleges two grounds for relief:

1. Defense counsel was not prepared for trial because he failed to obtain witnesses and evidence and discussed the case with Petitioner only in the courtroom;

2. The trial court was without jurisdiction to convict and sentence Petitioner because Petitioner's actions of entering the home and removing the victim's (Petitioner's sister) property was civil in nature rather than criminal.

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."

*Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

**A. Standard of Review Under the AEDPA**

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B. Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of

reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1]

*Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

5

prevail on the ground of ineffective assistance of counsel are few and far between."
*Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III. ANALYSIS

**Ground One**

Petitioner contends that his trial counsel was ineffective in failing to call certain witnesses and present certain evidence at trial, and in failing to meet with Petitioner other than in the courtroom. In his reply, Petitioner identifies the witnesses counsel failed to call as John Bell, John Bell, Jr., and "the postman," and identifies the documentary evidence counsel failed to present as: 1) the real estate contract showing Petitioner purchased the lot on which the home, in which Petitioner's sister was living, stood; 2) a copy of the trailer park's rules and regulations demonstrating that the home was on only one residential lot; 3) a copy of a mortgage contract and bank receipts showing that Petitioner, rather than his sister, made payments on the property; and 4) files from probate court that would show the property was not in probate court at the time of the offense (Doc. 12, p. 3).

Petitioner alleges that Bell and Bell, Jr. would have testified that they helped Petitioner remove his sister's clothes from the house and place them by the roadside (*Id.*, p. 2). He does not indicate what the postman's testimony would have been (*Id.*, p. 3). With regard to the documentary evidence, Petitioner alleges that it would have

demonstrated that he lawfully evicted his sister and removed her property from his home after he had served her with notices of eviction for unpaid rent (*Id.*, pp. 3-4).

This claim was raised in state court in Ground 1 of Petitioner's Amended Rule 3.850 motion (Doc. 9-3, Ex. 7, docket pp. 29-32). In denying the claim, the state post-conviction court stated:

> . . .In claim 1, Defendant argues that trial counsel was ineffective for failing to call certain witnesses. The Court forwarded the Defendant's claim to the State for a response. The State responded that the Defendant has failed to establish prejudice as to the claim that trial counsel should have called John Bell Jr. and Sr. to testify as trial counsel was able to elicit the testimony from other witnesses. The State argued that the purported testimony of the postman would have been inadmissible hearsay and that the probate records also would have bene [sic] inadmissible. As to failure of Deputy McKinnon to bring photographs of the trailer to refresh her memory, the State points out that the deputy never stated that she could not remember the condition of the trailer and that the assertion that she would have changed her testimony after reviewing the photographs was speculative. The State argues that the introduction of the real estate contract, the rules and regulations of the trailer park, and the mortgage contract and receipts would not tend to show guilt or innocence and that Defendant has failed to establish prejudice in regards to the listed missing items.
>
> The State argues that the Defendant's Motion should be denied. After review of the State's arguments, citations, and attachments to its Response, adopted and incorporated herein, the Court agrees.

(*Id.*, docket pp. 68-69).

**1. Failure to call witnesses**

Petitioner has not presented any evidence that the witnesses would have testified as he suggests. *See United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.") (footnotes omitted). He therefore cannot obtain relief on this speculative claim. *See Johnson v. Alabama*, 256 F.3d 1156, 1187 (11th Cir. 2001) ("Johnson offers only speculation that the missing witnesses would have been helpful. This kind of speculation is 'insufficient to carry the burden of a habeas corpus petitioner.'") (quoting *Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985)).

Even if the claim was not speculative, it would not warrant relief. Defense counsel elicited testimony from Detective McKinnon that when she spoke to John Bell, he told her that he had helped Petitioner take property from the home and put it by the roadside (Doc. 9-2, Ex. 2, docket p. 76). Therefore, Bell and Bell Jr.'s alleged testimony essentially would have been cumulative to Detective McKinnon's testimony. Trial counsel is generally not ineffective in failing to call witnesses whose testimony would largely be cumulative of evidence the jury did hear. *See Johnston v.*

*Singletary*, 162 F.3d 630, 639 (11th Cir. 1998) (counsel was not ineffective for failing to present additional witnesses whose testimony would have been cumulative).[1]

**2. Failure to present documentary evidence**

Petitioner contends that the documentary evidence counsel failed to present at trial would have established that he owned the home in which his sister was living and merely was evicting her and removing her personal property after giving her notice that she would be evicted for failing to pay rent (Doc. 12, pp. 3-4). This claim will be denied for three reasons.

First, the claim is speculative and unsupported by evidence because Petitioner provided neither the state courts nor this Court with the documents he claims counsel should have presented at trial. Therefore, aside from Petitioner's conclusory allegations, there is no evidence to support his claim that the documents actually exist and would have supported his version of the events. Petitioner's conclusory and unsupported allegations about the contents of the documents are insufficient to establish that counsel's performance was deficient or that he was prejudiced by trial

---

[1] In his amended Rule 3.850 motion, Petitioner alleged that Bell and Bell Jr. would have testified that the front door to the home was broken because the Sheriff's SWAT team broke it open one month before the incident that led to the criminal charges against Petitioner, and the postman would have testified that Petitioner had received mail at the home for approximately 20 years (Doc. 9-3, Ex. 7, docket p. 30). Petitioner failed to allege these claims in either his federal petition or his reply. And even if he had raised the claims, they would not warrant relief because Petitioner has not presented any evidence that the witnesses would have testified as he suggests, and the testimony would have been cumulative to his own testimony that the SWAT team broke the door (Doc. 9-2, Ex. 2, docket pp. 89, 102).

counsel's failure to obtain the documents and introduce them into evidence. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim).

Second, while Petitioner's claim of ineffective assistance of trial counsel is a federal question, his challenge to the application of Florida law is a state law matter. In rejecting this claim, the state post-conviction court adopted the arguments that were contained in the State's response to Petitioner's motion, which included the argument that the documents were inadmissible under Florida law (Doc. 9-3, Ex. 7, docket pp. 43-45, 68-69). This Court must defer to the state post-conviction court's interpretation of state law. *See Will v. Sec'y for Dep't of Corr.*, 278 Fed.App'x. 902, 908 (11th Cir.2008) ("Although an ineffective-assistance-of-counsel claim is a *federal* constitutional claim, which we consider in light of the clearly established rules of *Strickland*, when 'the validity of the claim that [counsel] failed to assert is clearly a question of *state* law, ... we must defer to the state's construction of its own law.'") (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.1984)) (emphasis and alteration in original). Trial counsel cannot be deemed deficient for failing to attempt to introduce evidence that would have been inadmissible.

Third and finally, even if the documents were admissible and showed that Petitioner had made payments toward the property, they essentially would have been

cumulative to Petitioner's testimony that he purchased the property, made payments for approximately nine years, and his brother and sister never made payments toward the property (Doc. 9-2, Ex. 2, docket pp. 93-94, 106). "[C]ounsel's failure to present cumulative evidence is not ineffective assistance." *Reaves v. Sec'y, Fla. Dep't of Corr.*, 872 F.3d 1137, 1157 (11th Cir. 2017).

### 3. Meeting only in courtroom with Petitioner

Petitioner lastly complains that counsel "never even had a meeting with [him] other than in the courtroom[.]" (Doc. 1, docket p. 5). This claim warrants no relief because Petitioner neither alleges nor shows prejudice. Absent factual allegations of prejudice, an essential element of a claim of ineffective assistance of counsel, there is no basis for an evidentiary hearing or relief on such claims. *See Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir.1999) ("A habeas corpus petitioner is entitled to an evidentiary hearing on his claim if he alleges facts which, if proven, would entitle him to relief.") (internal quotations and citation omitted).

Petitioner has failed to demonstrate that the state court unreasonably applied federal law or made an unreasonable determination of the facts in denying this claim. Accordingly, Ground One does not warrant federal habeas relief.

**Ground Two**

Petitioner appears to contend that his actions amounted to, at worst, a civil violation for wrongfully evicting his sister from her residence rather than a criminal

offense, and therefore the state trial court lacked subject matter jurisdiction to convict him. The state post-conviction court denied this ground, alleged in Petitioner's amended Rule 3.850 motion, without an evidentiary hearing (Doc. 9-3, Ex. 7, docket p. 36). Petitioner, however, did not challenge the rejection of this ground in the appeal of the denial of his amended Rule 3.850 motion (Doc. 9-3, Ex. 11). Therefore, Respondent correctly argues that this ground is unexhausted and procedurally barred from federal review.

Before a federal court can grant habeas relief, a petitioner must exhaust every available state court remedy for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1)(A), (C). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted).

Petitioner's failure to brief this claim in the appeal of the denial of his amended Rule 3.850 motion results in abandonment, thus rendering the ground unexhausted. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (stating

that exhaustion of a claim raised in a Rule 3.850 motion includes an appeal from the denial of the motion).[2] Petitioner cannot return to state court to file an untimely collateral appeal challenging the denial of this ground. Fla.R.Crim.P. 3.850(k). Consequently, Ground Two is procedurally defaulted.

"If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir.2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To show

---

2 *See Brooks v. Inch*, 2020 WL 6587239, at *12 (N.D. Fla. July 28, 2020), *report and recommendation adopted*, 2020 WL 6581976 (N.D. Fla. Nov. 9, 2020):

> In the past, the Eleventh Circuit interpreted Florida law differently. In two unpublished decisions issued in 2007, the Eleventh Circuit held that when a Florida defendant does not receive an evidentiary hearing in his Rule 3.850 proceeding and appeals the circuit court's decision denying his motion, he satisfies the federal exhaustion requirement as to all claims raised in his Rule 3.850 motion, even if he files a brief and fails to address each issue in his appellate brief. *See Darity v. Sec'y, Dep't of Corr.*, 244 F. App'x. 982, 984 (11th Cir. 2007); *Cortes v. Gladish*, 216 F. App'x 897, 899–900 (11th Cir. 2007). However, the Florida case upon which the Eleventh Circuit relied in *Darity* and *Cortes*, that is, *Webb v. State*, 757 So. 2d 608 (Fla. 5th DCA 2000), ceased to be the decisional law of the Fifth DCA in 2009. *See Ward v. State*, 19 So. 3d 1060, 1061 (Fla. 5th DCA 2009); *see also Maxwell v. State*, 169 So. 3d 1264, 1265 n.1 (Fla. 5th DCA 2015) (holding, in a post-conviction appeal where the lower court summarily denied relief without evidentiary hearing, that the defendant abandoned two of his three grounds by failing to raise them in his appellate brief) (citing *Ward*, 19 So. 3d at 1061).

prejudice, a petitioner must demonstrate not only that an error at the trial created the possibility of prejudice, but that the error worked to his "actual and substantial disadvantage" and infected the "entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 171 (1982). In other words, a petitioner must show at least a reasonable probability of a different outcome. *Henderson*, 353 F.3d at 892.

Absent a showing of cause and prejudice, a petitioner may obtain federal habeas review of a procedurally defaulted claim only if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986). A fundamental miscarriage of justice occurs if a constitutional violation has probably resulted in the conviction of someone who is "actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet the "fundamental miscarriage of justice" exception, Petitioner must show constitutional error coupled with "new reliable evidence — whether . . . exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner fails to allege cause for the default of his ground of ineffective

assistance of counsel. He likewise fails to establish prejudice because he does not show that the alleged error infected the entire trial with constitutional error. *Frady*, 456 U.S. at 170. And Petitioner cannot meet the "fundamental miscarriage of justice" exception because he presents no "new reliable evidence" that he is actually innocent. *Schlup*, 513 U.S. at 327. Because Petitioner satisfies neither exception to procedural default, Ground Two is procedurally barred from federal review.

Even if the claim was not procedurally barred, it would fail on the merits because it does not present a federal constitutional question cognizable on habeas review. Federal habeas relief is available to correct only those injuries resulting from a violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.1988). A state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir.1983) (per curiam); *Smith v. Wainwright*, 741 F.2d 1248, 1258 (11th Cir.1984); *Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir.1988).

A state court's jurisdiction to enter a judgment and sentence a defendant is a matter of state law that is not cognizable on federal collateral review. *Green v. McNeil*, 2011 WL 2790167 (N.D. Fla. June 22, 2011) (unpublished) (citing *Chandler v.*

*Armontrout*, 940 F.2d 363, 366 (8th Cir.1991) ("The adequacy of an information is primarily a question of state law and we are bound by a state court's conclusion respecting jurisdiction.")). Whether the state trial court in this case had jurisdiction to enter a judgment and sentence Petitioner is beyond the scope of this Court's review under 28 U.S.C. § 2254. Accordingly, Ground Two does not warrant federal habeas relief.

It is therefore **ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. The **Clerk of the Court** is directed to enter judgment against Petitioner and close this case.

3. This Court should grant an application for a Certificate of Appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He cannot make this showing.[2] Accordingly, a Certificate of Appealability is **DENIED** in this case. And because Petitioner is not

---

[2]Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. . . .If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

entitled to a Certificate of Appealability, he is not entitled to proceed on appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida on June 25, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of Record